## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JAMIE KEY, Y14225,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 24-cv-00564-SMY** |
| | ) | |
| **J.B. PRITZKER,** | ) | |
| **ROB JEFFERYS,** | ) | |
| **A. WILLIS,** | ) | |
| **TOURVILLE,** | ) | |
| **LT. SNELL,** | ) | |
| **SGT.GATES,** | ) | |
| **MEAD,** | ) | |
| **LT. McCARTHY,** | ) | |
| **ESERIE,** | ) | |
| **and SPILLER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Plaintiff Jamie Key, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. 8). He asserts claims for unsafe and inhumane living conditions in Menard's East Cell House. Plaintiff seeks monetary and injunctive relief.[1] *Id.*

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion that is legally frivolous or malicious, fails to state any claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C.

---

[1] Plaintiff seeks a Court order authorizing him to pursue a class action on behalf of inmates in Menard's East Cell House. (Doc. 8, p. 32). A prisoner bringing a *pro se* action cannot represent a class of plaintiffs. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11. Plaintiff's request for injunctive relief in the form of an order for class certification is thus **DENIED**.

§ 1915A(b).  At this stage, the factual allegations are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

<u>**The Complaint**</u>

Plaintiff makes the following allegations in the Complaint (Doc. 8, pp. 1-32): Plaintiff is housed in Menard's East Cell House, where serious overcrowding and understaffing have caused overcrowded cells (two inmates are routinely housed in one-person cells), constant inmate fights, regular lockdowns, denial of phone privileges, no showers, inadequate medical care, denial of medications, denial of mental health treatment, extreme temperatures (toilet water freezes during the winter months), inadequate ventilation (propane tanks are used to warm the prison and require extra ventilation), contaminated drinking water, moldy food trays, no cleaning supplies, pest infestations, cracked ceilings, leaking pipes, black mold, and limited out-of-cell exercise opportunities (inmates are limited to 5 hours of exercise outside of their cells each week). Plaintiff's exposure to several of these conditions caused him to endure an inmate attack, breathing difficulties, itchy and watery eyes, skin irritation, headaches, sneezing, diarrhea, and constipation. These conditions are systemic and are the subject of past class actions filed by IDOC inmates, including: *Lippert v. Ghosh*, No. 10-cv-04603 (N.D. Ill. 2010) (medical and dental care); *Rasho v. Jeffreys*, 22 F.4th 703 (7th Cir. 2022) (mental health treatment); *Ross v. Gossett*, 15-cv-00309-SMY-PMF (S.D. Ill.) (illegal shakedowns, strip searches, excessive force, and denial of medical care); and *Davis v. Baldwin*, No. 16-cv-00600-MAB (S.D. Ill. 2016) (solitary confinement).  *Id*. at 5.

At some point, Plaintiff sent a letter to complain about the conditions in Menard's East Cell House to Governor Pritzker, Director Jefferys, and Warden Willis.[2]  Plaintiff also complained

---

[2] Although he refers to the letter as an exhibit, Plaintiff did not include a copy of it and does not offer details about the date he sent it, the content of this letter, or the response he received.

about the conditions directly to Major Tourville, who was in charge of the cell house.  These defendants simply disregarded or turned a blind eye to his complaints.

Plaintiff was attacked by his cellmate on December 22, 2021, after he reported threats from his highly aggressive and physically larger cellmate.  He regularly requested protection from the inmate or a cell transfer.  Officers Tourville, Snell, Mead, Gates, Eserie, Slinker, Eggers, Miles, and Mullholland refused to move him.  They encouraged Plaintiff to fight his cellmate instead. When he refused, Plaintiff was attacked, seriously injured, and transported to a hospital for treatment of 15 lacerations, 6 stab wounds, and 2 bites inflicted by his cellmate.  After the incident, Internal Affairs Officer McCarthy interviewed the two inmates and ultimately issued Plaintiff a ticket for failing to cooperate, fighting, and dangerous contraband.  Plaintiff was then transferred to a cell that was smeared with feces and blood and falsely labeled a weapons violator.  These events caused Plaintiff to feel nervous and distressed.

## Discussion

Based on the allegations, the Court designates the following claims in the *pro se* Complaint:

**Count 1:**     Eighth Amendment claim against Pritzker, Jefferys, Willis, and Tourville for subjecting Plaintiff to unconstitutional conditions of confinement in Menard's East Cell House, by placing him in a one-man cell with a violent cellmate, inadequate ventilation, extreme temperatures, broken plumbing, tainted water, moldy food, black mold, pest infestations, no cleaning supplies, and limited exercise opportunities, resulting in illness.

**Count 2:**     Eighth Amendment claim against Tourville, Snell, Mead, Gates, and Eserie for failing to protect Plaintiff from the serious risk of harm posed by his cellmate in December 2022.

**Count 3:**     Fourteenth Amendment claim against McCarthy for depriving Plaintiff of a protected liberty interest without due process of law by issuing him a fabricated disciplinary ticket for failing to cooperate, fighting, and contraband after Plaintiff was attacked by his cellmate in December 2022.

**Count 4:** Intentional infliction of emotional distress claim against Defendants for exposing Plaintiff to unsafe and unsanitary conditions in Menard's East Cell House and causing him to suffer emotional distress.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

### Preliminary Dismissals

Plaintiff mentions the following individuals in the statement of his claim but does not identify them as defendants in the Complaint (Doc. 8): Slinker, Eggers, Miles, and Mullholland. The Court will not treat these individuals as defendants, and all claims against them are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (complaint "must name all the parties").

### Count 1

All Eighth Amendment claims consist of an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825 (1994). The objective component requires the Court to consider whether the allegations describe a sufficiently serious deprivation, which is one that deprives an inmate of "the minimal civil measure[s] of life's necessities." *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). In connection with his conditions-of-confinement claim, Plaintiff describes overcrowded housing, inmate violence, inadequate ventilation, extreme temperatures, broken plumbing, tainted water, moldy food, mold, pests, no cleaning supplies, and limited exercise, resulting in his injury and illness. These allegations satisfy the objective component of this claim.

The subjective inquiry requires the Court to determine whether the allegations suggest that each defendant acted with deliberate indifference. *Farmer*, 511 U.S. at 837. This occurs when an official knows of and disregards an excessive risk to inmate health or safety. *Id*. According to the Complaint, Plaintiff complained about his living conditions directly to Major Tourville while he

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

oversaw Menard's East Cell House, and this defendant disregarded his complaints. Therefore, Count 1 will proceed against Major Tourville.

Plaintiff also names Governor Pritzker, IDOC Director Jefferys, and Warden Willis in connection with a letter he wrote to complain of these conditions. Although he refers to the letter as an exhibit, Plaintiff did not include it. He does not indicate when he wrote the letter or detail what it said. And, because all three defendants are high-ranking officials, it is unclear whether they had sufficient knowledge of the localized conditions to be held liable for deliberate indifference through their inaction. *Twombly*, 550 U.S. at 570 (2007) (complaint must plead "enough facts to state a claim to relief that is plausible on its face"). Finally, the past class actions listed by Plaintiff do not impute "notice" or "knowledge" of the conditions in Menard's East Cell House; those cases were filed in other federal judicial districts, involved different facilities, addressed a different time period, and/or involved different claims.

Count 1 is dismissed without prejudice against Pritzker, Jefferys, and Willis for failure to state a claim upon which relief may be granted.

## Count 2

To state an Eighth Amendment claim against the defendants for failing to protect Plaintiff from an inmate attack in December 2021, the allegations must suggest that each individual subjected Plaintiff to objectively serious conditions posing a serious risk of harm to his health or safety by allowing him to remain housed with his cellmate after they learned of the threats he made against Plaintiff. *Farmer*, 511 U.S. at 836-37. Plaintiff's allegations state a viable claim in Count 2 against Defendants Tourville, Snell, Mead, Gates, Eserie, who all allegedly responded to reported threats by encouraging Plaintiff to fight his cellmate.

**Count 3**

The Fourteenth Amendment guards against deprivations of constitutionally protected interests in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). When it comes to prison disciplinary proceedings, the Court considers: (1) whether a protected liberty interest necessitated due process protections in the first place; and (2) whether the disciplinary proceedings were conducted in accordance with procedural due process requirements. *Id*.

Plaintiff offers insufficient allegations to support a due process claim. He merely states that McCarthy issued him a false disciplinary ticket for failure to cooperate, fighting, and contraband, after Plaintiff was attacked by his cellmate. It is unclear whether he attended a disciplinary hearing, what due process protections he was afforded, and whether he was found guilty and punished for any rule violations. As such, Count 3 will be dismissed without prejudice for failure to state any claim for relief against a defendant.

**Count 4**

The Court will exercise supplemental jurisdiction over Plaintiff's Illinois state law claim for intentional infliction of emotional distress because it arises from the same facts giving rise to his federal claims. 28 U.S.C. § 1367(a). Under Illinois law, a plaintiff bringing a claim for intentional infliction of emotional distress must show that: (1) the defendants engaged in extreme and outrageous conduct; (2) the defendants either intended to inflict severe emotional distress or knew there was a high probability that their conduct would cause severe emotional distress; and (3) the defendants' conduct in fact caused severe emotional distress. *McGreal v. Village of Orland Park*, 850 F.3d 308 (7th Cir. 2017).

Plaintiff again relies on conclusory allegations to support this claim.  He only states that the defendants' acts and/or omissions caused him to feel nervous and distressed.  These allegations are not enough to state a colorable claim.  *See McGreal*, 850 F.3d at 314-15 (citations omitted) ("The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it.").   Therefore, Count 4 will be dismissed without prejudice for failure to state a claim.

### Injunctive Relief

Because Plaintiff seeks injunctive relief to address the conditions in Menard's East Cell House, the Clerk of Court will be directed to add the Current Warden of Menard, in an official capacity only, to implement any injunctive relief ordered herein.  If Plaintiff requires interim injunctive relief, he should file a separate motion for temporary restraining order or preliminary injunction to address his request for more urgent relief.  *See* FED. R. CIV. P. 65.  He may do so at any time it becomes necessary during the pending action.

### Disposition

The Complaint (Doc. 8) survives screening under 28 U.S.C. § 1915A.  **COUNT 1** will receive further review against Defendant **TOURVILLE**, and **COUNT 2** will receive further review against Defendants **TOURVILLE, SNELL, MEAD, GATES,** and **ESERIE**.  **COUNTS 1**, **2, 3,** and **4** are otherwise **DISMISSED** without prejudice against all other defendants for failure to state a claim. **ALL OTHER DEFENDANTS** are **DISMISSED** without prejudice.  The **CURRENT WARDEN of MENARD CORRECTIONAL CENTER (official capacity)** is **ADDED** for purposes of implementing any injunctive relief.

With respect to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **TOURVILLE, SNELL, MEAD, GATES, ESERIE (individual capacities)**, and **MENARD'S CURRENT WARDEN (official capacity only)**: (1) Form 5 (Notice of a Lawsuit and Request to

7

Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 8), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

      **IT IS ORDERED** that if a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

      Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

      **IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his *in forma pauperis* application was granted. 28 U.S.C. § 1915(f)(2)(A).

      Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is directed to ENTER the HIPAA-Qualified Protective Order and ADD MENARD CORRECTIONAL CENTER'S WARDEN (official capacity only) as a defendant in CM/ECF.**

**IT IS SO ORDERED.**

**DATED:  August 26, 2024**

s/ *Staci M. Yandle*
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more.  When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**