# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMIE KEY, #Y14225, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 24-cv-0564-SMY |
| | ) | |
| ANTHONY WILLS, | ) | |
| JOHN TOURVILLE, | ) | |
| JUSTIN SNELL, | ) | |
| LEVI GAETZ, | ) | |
| JOSHUA MEADE | ) | |
| and ESERIE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

Plaintiff Jamie Key filed this action against John Tourville, Lt. Justin Snell, Sgt. Levi Gaetz, Joshua Meade, and Warden Anthony Wills under 42 U.S.C. § 1983 for alleged unconstitutional conditions of confinement and for failure to protect against inmate violence in violation of the Eighth Amendment.  (Doc. 8).  Defendants Tourville, Snell, and Gaetz[1] seek summary judgment based on Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).  (*See* Doc. 43).  Plaintiff opposes the motion.  (*See* Doc. 47).  Because the undisputed evidence establishes that Plaintiff failed to exhaust his remedies in compliance with the PLRA before filing his Complaint against these defendants, summary judgment will be **GRANTED**.

### BACKGROUND

Plaintiff filed this action under 42 U.S.C. § 1983 against Warden Wills, John Tourville,

---

[1] Defendant Meade did not move for summary judgment on the issue of exhaustion. (Doc. 43 at 2). Therefore, Meade **WAIVES** this affirmative defense.

1

Justin Snell, Levi Gaetz, and Joshua Meade, and makes the following allegations in the Complaint

(Doc. 8): Plaintiff was subject to inadequate ventilation, extreme temperatures, broken plumbing,

tainted water, moldy food, black mold, pest infestations, no cleaning supplies, and limited exercise

opportunities while housed at Menard. (Doc. 8, pp. 27-32). He complained to Tourville, who was

in charge of the cell house, about the conditions of his confinement. *Id.* at 29-30.

Plaintiff was also attacked by his cellmate on December 22, 2021, after he reported threats

from his aggressive cellmate. *Id.* at 15-25. Despite his many requests for protection or a cell

transfer, Tourville, Snell, Meade, and Gaetz refused to move him. *Id.* Instead, they actively

encouraged Plaintiff to fight his cellmate. *Id.* After Plaintiff refused to fight, the cellmate attacked

and seriously injured Plaintiff. *Id.* Prison officials disciplined Plaintiff for failing to cooperate,

fighting, and possessing dangerous contraband. *Id.* at 23. Plaintiff claims that his conditions of

confinement and his attack by another inmate were unconstitutional, in violation of the Eighth

Amendment. *Id*. at 8-13.

The Court screened the *pro se* Complaint under 28 U.S.C. § 1915A and allowed the

following claims to proceed:

| Count 1: | Eighth Amendment claim against Tourville for subjecting Plaintiff to unconstitutional housing in Menard's East Cell House, by placing him in a one-man cell with a violent cellmate, inadequate ventilation, extreme temperatures, broken plumbing, tainted water, moldy food, black mold, pest infestations, no cleaning supplies, and limited exercise opportunities, resulting in illness. |
|---|---|
| Count 2: | Eighth Amendment claim against Tourville, Snell, Meade, and Gaetz for failing to protect Plaintiff from the serious risk of harm posed by a cellmate in December 2021. |

In their Answer, Defendants asserted an affirmative defense based on Plaintiff's failure to exhaust

administrative remedies before filing this lawsuit. (Doc. 24).

## MOTION FOR SUMMARY JUDGMENT

Defendants Gaetz, Tourville, and Snell[2] now seek summary judgment based on Plaintiff's failure to exhaust his administrative remedies before filing suit in violation of the PLRA, 42 U.S.C. § 1997e(a). They claim the Administrative Review Board (ARB) received three grievances from Plaintiff between January 9, 2022 and January 29, 2022 (Grievance #147-1-22, dated January 9, 2022; Grievance #19-2-22, dated January 29, 2022; and an unnumbered grievance, dated January 9, 2022). According to Defendants, these grievances fail to address any allegations of misconduct against them. The ARB rejected Grievance #147-1-22 because the issue contained in it was addressed with Grievance #19-2-22. *Id.* The ARB rejected Grievance #19-2-22 on the merits after reviewing it. The unnumbered grievance was rejected on procedural grounds.

Plaintiff concedes the grievances referenced in the Defendants' motion for summary judgment are unexhausted, but asks the Court to construe them as exhausted because the ARB did not tell him they were unexhausted so he could cure their deficiencies. Alternatively, he asks the Court to grant him the opportunity to file a corrected grievance to cure the deficiencies.

## FINDINGS OF FACT

For purposes of the pending motion, the following material facts are undisputed (*see* Findings of Fact (FOF) at Docs. 43 and 47): Plaintiff filed the Complaint on February 27, 2024. (FOF 1, Doc. 1). Plaintiff's grievance records from the ARB show that he submitted three grievances to the ARB between January 9, 2022 and January 29, 2022: Grievance #147-1-22 (dated January 9, 2022); Grievance #19-2-22 (dated January 29, 2022); and an unnumbered grievance (dated January 9, 2022). (FOF 2, Doc. 43, Ex. C at 1-19).

---

[2] Defendant Wills moved for summary judgment as well, but he is only named as a defendant in an official capacity for purposes of implementing injunctive relief.

**Grievance 1: #147-1-22**

Plaintiff submitted Grievance #147-1-22 on January 9, 2022.  (Doc. 43, Ex. C at 000040-000058).  He complains he was clashing with his cellmate and told "5 day gallery officer Mead" about the situation multiple times.  Plaintiff's cellmate attacked and injured Plaintiff on December 22, 2021.  Plaintiff also complains that after he returned from the hospital, prison officials placed him in a restrictive housing unit that was covered in blood, urine, and fecal matter.  Grievance #147-1-22 did not name any defendants other than Meade.

Plaintiff submitted Grievance #147-1-22 for first-level review.  The prison grievance counselor responded on March 22, 2022, stating the incident had been resolved and all the cells were cleaned before inmate-placement.  When Plaintiff raised this grievance to the second level of review, the grievance counselor and the Chief Administrative Officer (CAO) agreed that Grievance #147-1-22 should be denied.  At the third level of review, the ARB issued a Return of Grievance Form on July 18, 2022, stating the issues raised in Grievance #147-1-22 were resolved with Grievance #19-2-22.  *Id.*

**Grievance 2: #19-2-22**

Plaintiff submitted Grievance #19-2-22 on January 29, 2022.  (Doc. 43, Ex. C at 000051-000052).  This grievance also stated that Plaintiff's cellmate attacked and injured him.  Plaintiff also complained that he was charged with a disciplinary infraction "in error."  Grievance #19-2-22 did not name or describe any defendants in this case.

The grievance counselor and the CAO agreed that Grievance #19-2-22 should be denied.  The ARB recommended the denial of Grievance #19-2-22 because the prison administration addressed the issues contained in it and there was no violation of Plaintiff's due process rights.

**Grievance 3: unnumbered**

On the same day Plaintiff filed Grievance #147-1-22, he filed an unnumbered grievance directly with the ARB.  (Doc. 43, Ex. C at 000055-000056).  The unnumbered grievance contained nearly identical allegations as those contained in Grievance #147-1-22.   The unnumbered grievance did not name any defendants.  On March 21, 2022, the ARB rejected the unnumbered grievance without addressing its merits because Plaintiff did not follow the proper grievance procedures.

## DISCUSSION

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party, *i.e.*, the prisoner. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004).  The district court's role on summary judgment is generally not to weigh evidence or judge witness credibility.

The district court's approach to factual disputes is different when presented with a motion for summary judgment on the issue of exhaustion.  In *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), the Seventh Circuit instructed district courts to conduct an evidentiary hearing to resolve contested issues of fact concerning exhaustion.  More recently, the Supreme Court partially overruled *Pavey* in *Perttu v. Richards*, 605 U.S. 460, 464 (June 18, 2025), when it held that exhaustion disputes must be reserved for a jury if contested facts on exhaustion are intertwined with factual disputes on the merits of a claim.  Thus, when the district court is presented with a motion for summary judgment on exhaustion with material facts in dispute, it must consider whether intertwinement between exhaustion and the merits requires a jury trial.  Here, there is no

5

intertwinement requiring a jury trial[3] and no material factual disputes requiring a *Pavey* hearing as only legal questions remain. *See Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009).

The PLRA, 42 U.S.C. § 1997e(a), requires a prisoner to exhaust all available administrative remedies before bringing a suit in federal court about the conditions of his confinement. *Pavey*, 544 F.3d at 740.  To properly exhaust, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require."  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).  "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies."  *Id.* at 1024.  "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving."  *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011); *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015).

The Illinois Administrative Code sets forth the grievance process that applies to an inmate in the custody of the Illinois Department of Corrections.  20 ILL. ADMIN. CODE § 504.800, *et seq*. (2017).  The inmate must file his grievance with a counselor within 60 days of the incident, occurrence, or problem giving rise to the grievance.  20 ILL. ADMIN. CODE § 504.810(a).  The grievance must contain factual details about each aspect of the inmate's complaint, including what happened, when, where, and the name(s) of the person(s) involved in the matter.  If the inmate does not know the name(s), the inmate must describe each person with as much detail as possible. 20 ILL. ADMIN. CODE § 504.810(c).  If the grievance is not resolved informally through the counselor, the grievance must be submitted in writing to a grievance officer, who reports his or

---

[3] The Supreme Court decided *Perttu* while the summary judgment motion was pending, so the Court requested supplemental briefing to address the impact of *Perttu* on the motion. *See* Doc. 51. Defendants filed a Supplemental Brief (Doc. 52), and Plaintiff filed his response (Doc. 56). After reviewing Defendants' Supplement, the Court finds that *Perttu* is distinguishable from this case. Unlike *Perttu*, the material facts surrounding exhaustion are not in dispute. There is also no intertwinement between the facts underlying exhaustion and the merits of the claims. This case involves two Eighth Amendment deliberate indifference claims and no retaliation claim. The questions on exhaustion can be resolved without addressing the questions on the merits. Thus, *Perttu* poses no barrier to resolution of the pending motion.

her findings and recommendations in writing to the CAO (warden) within 2 months after receiving the written grievance, when reasonably feasible.  20 ILL. ADMIN. CODE § 504.830(e).  The CAO then provides the inmate with a written decision on the grievance.  *Id.*  If the inmate is not satisfied with the CAO's response, he files an appeal with the IDOC Director through the Administrative Review Board (ARB) within 30 days of the CAO's decision.  20 ILL. ADMIN. CODE § 504.850(a).  The inmate must attach copies of responses from the grievance officer and CAO to his appeal.  *Id*.  The ARB then considers the matter and submits a written report of its findings and recommendations to the Director, who makes a final determination within 6 months of receipt of the matter, when reasonably feasible.  20 ILL. ADMIN. CODE § 504.850(d), (e).

An inmate grieving one of the following issues shall submit a grievance directly to the ARB: (1) decisions regarding protective custody placement, including continued placement in or release from protective custody; (2) decisions regarding the involuntary administration of psychotropic medication; (3) decisions regarding disciplinary proceedings that were made at a facility other than the facility where the offender is currently assigned; and (4) other issues that pertain to a facility other than the facility where the offender is currently assigned, excluding personal property and medical issues.  20 ILL. ADMIN. CODE § 504.870(a)(1)-(4).  The ARB reviews and processes these grievances in accordance with Section 504.850.

The Illinois Administrative Code requires a grievance to set forth factual details about each aspect of the offender's complaint.  20 ILL. ADMIN. CODE § 504.810(c).  This includes a description of what happened, when it happened, where it occurred, and who is the subject or otherwise involved in the complaint.  *Id.*  The offender must include the names of each individual involved, if available, or as much descriptive information as possible for each individual involved, if a name is not available.  *Id.*

7

Here, the undisputed facts lead to the conclusion that Plaintiff failed to exhaust his administrative remedies against Tourville on the Eighth Amendment conditions of confinement claim and against Gaetz, Tourville, and Snell on the Eighth Amendment failure to protect claim. Relative to the conditions of confinement claim against Tourville, Plaintiff failed to identify Tourville by name or description in Grievance #147-1-22.

Additionally, Plaintiff only addressed the fact that his cell was covered in blood, urine, and fecal matter in Grievance #147-1-22. He did not include the conditions of confinement that form the basis of his claim against Tourville in this action: inadequate ventilation, extreme temperatures, tainted water, moldy food, black mold, no cleaning supplies, broken plumbing, and limited exercise opportunities. Plaintiff makes no reference to these conditions and Tourville in the other two grievances before the Court. As such, Plaintiff did not exhaust his administrative remedies for the conditions of confinement claim against Tourville in Count 1. *See Jackson v. Esser*, 105 F.4th 948, 959 (7th Cir. 2024) (holding that an inmate failed to exhaust his administrative remedies for a claim about incapacitating agents in his cell when his grievance only complained about his water being shut off).

With respect to the failure to protect claim against Gaetz, Tourville, and Snell, Plaintiff only mentioned Meade when addressing his cellmate attack in Grievance #147-1-22. While the Seventh Circuit does not require strict compliance with IDOC's requirement that all defendants be named in a grievance, inmates must still provide notice in the grievance for the prison to know multiple individuals were involved in the underlying incident. *See id.* (concluding that a grievance identifying one defendant is not sufficient to exhaust as to other defendants not listed in the grievance).

Plaintiff offered no description in his grievances of Gaetz, Tourville, or Snell by physical appearance, job title, job description, or otherwise.  Nor did he complain that the defendants, other than Meade, were aware of the situation with his cellmate.  He complained only about Meade's role in his cellmate's attack.  Therefore, Plaintiff's grievances did not exhaust his administrative remedies for the failure to protect claim against Gaetz, Tourville, and Snell in Count 2.

Plaintiff's arguments in opposition to summary judgment do not alter the Court's conclusion.  He appears to argue the grievance process was unavailable because it was not clearly explained to him.  But the undisputed facts demonstrate that Plaintiff knew how the grievance system functioned as he filed Grievance #147-1-22 at all levels.  Plaintiff's related argument that the ARB did not clearly explain how to cure the defects in his grievances also fails.  The ARB could not have known that Plaintiff intended to include the names of several defendants when he only referred to one.  Grievance #147-1-22 clearly and unequivocally complained about Meade's conduct, with no hint that others were involved.

For the foregoing reasons, Defendants' motion for summary judgment (Doc. 43) as to Tourville on Count 1 and Gaetz, Snell and Tourville on Count 2 will be granted.

## CONCLUSION

The Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Snell, Gaetz, and Tourville (Doc. 43) is **GRANTED.  COUNT 1** against **TOURVILLE** and **COUNT 2** against **SNELL, GAETZ, AND TOURVILLE** are **DISMISSED without prejudice** based on Plaintiff's failure to exhaust administrative remedies before bringing this suit in federal court.  Because no other claims survive against them, **TOURVILLE, SNELL, AND GAETZ** are **DISMISSED without prejudice** from this action.  The Clerk's Office is

**DIRECTED** to **TERMINATE** them as defendants in CM/ECF and enter judgment accordingly at the close of this case.

Because Defendant Meade did not move for summary judgment on the issue of exhaustion, the affirmative defense is deemed **WAIVED**.  **COUNT 2** against **DEFENDANT MEADE** will proceed to the merits.  Defendant Anthony Wills remains named in an official capacity for purposes of carrying out any injunctive relief ordered in this case.

The Court will enter a separate Scheduling and Discovery Order lifting the stay on discovery and providing further instructions and deadlines for litigation of the remaining claim.

**IT IS SO ORDERED.**

**DATED:  March 25, 2026**

s/ *Staci M. Yandle*
**STACI M. YANDLE**
**Chief U.S. District Judge**